FILED

DEC 21 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CITY OF TOMBSTONE,<br><br>        Plaintiff - Appellant,<br><br> v.<br><br>UNITED STATES OF AMERICA; UNITED STATES DEPARTMENT OF AGRICULTURE; TOM VILSAK, Secretary of Agriculture; TOM TIDWELL, Chief Forester of the USDA Forest Service; CORBIN NEWMAN, Regional Forester for the Southwestern Region of the U.S.,<br><br>        Defendants - Appellees. | No. 12-16172<br><br>D.C. No. 4:11-cv-00845-FRZ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Argued and Submitted December 4, 2012
San Francisco, California

Before: O'SCANNLAIN, THOMAS, and CALLAHAN, Circuit Judges.

---

      [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

The City of Tombstone, Arizona, appeals from the district court's denial of its motion for a preliminary injunction seeking to use motorized vehicles and heavy equipment to repair and to restore its Huachuca Mountain water infrastructure without Forest Service authorization. Although Tombstone has alleged it has access rights to certain water springs on federal land by virtue of nineteenth-century vested property rights and a 1962 Special Use Permit, the contours of any such entitlements have yet to be adjudicated definitively. The underlying case remains pending in the district court.

On this record, we conclude that Tombstone failed to raise serious questions going to the merits of its Tenth Amendment challenge and we do not reach whether the City has satisfied the other requirements for a preliminary injunction. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). Assuming without deciding that the Tenth Amendment constrains the Forest Service's authority to regulate Tombstone's activities under the Property Clause, no unlawful commandeering has been shown. *See, e.g.*, *Printz v. United States*, 521 U.S. 898, 925–26 (1997); *New York v. United States*, 505 U.S. 144, 175–76 (1992). There is no evidence that Tombstone was compelled "to enact any laws or regulations," or "to assist in the enforcement of federal statutes regulating private individuals." *Reno v. Condon*, 528 U.S. 141, 151 (2000).

2

It is the Supreme Court's prerogative alone to overrule its precedents. *Nunez-Reyes v. Holder*, 646 F.3d 684, 692 (9th Cir. 2011) (en banc). We therefore have no authority to apply the traditional or integral governmental functions test Tombstone has urged. *See Nat'l League of Cities v. Usery*, 426 U.S. 833, 852 (1976), *overruled by Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528, 556–57 (1985).

Coalition of Arizona/New Mexico Counties for Stable Economic Growth's motion for permission to participate as an amicus curiae is granted.

**AFFIRMED.**